IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Karen Anderson, | C/A No. 3:25-cv-12722-JFA-SVH |
| Plaintiff, | |
| v. | |
| South Carolina Department of Social Services, Brenda Cummings, Glenn Hasty, Brandon Tant, Edward Epps, Katina Miller Ragin, Cali Jefferson, Ferra Porter, Rena Miller Vinson, Kristen Tobias, and Janella Shields, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

## I.     INTRODUCTION

Plaintiff Karen Anderson, ("Plaintiff") sues her employer South Carolina Department of Social Services ("SCDSS") and the following SCDSS employees: Brenda Cummings, Glenn Haste, Brandon Tant, Edward Epps, Katina Miller Ragin, Cali Jefferson, Ferra Porter, Rena Miller Vinson, Kristen Tobias, and Janella Shields (collectively "Defendants"). Plaintiff alleges that Defendants created a hostile work environment and retaliated against her, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12101, *et seq.* ("ADA"), that Defendants disseminated her personal medical information, and that Defendants breached their contract with Plaintiff.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Subsequently, Defendants filed a Motion to Dismiss pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6).

(ECF No. 6). In response to Defendants' Motion, Plaintiff filed a Motion to Dismiss without Prejudice. (ECF No. 10). After reviewing the Motions and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Defendants' Motion to Dismiss, (ECF No. 6), should be granted and Plaintiff's Motion to Dismiss (ECF No. 10) should be denied. (ECF No. 15).

Defendants filed partial objections to the Report, (ECF No. 18), to which Plaintiff filed a Reply, (ECF No. 19). Further, Defendants filed a Reply to Plaintiff's Reply to the objections. (ECF No. 20). Thus, this matter is ripe for review.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life*

*& Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.     DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated herein from the Report. (ECF No. 15). However, a brief recitation of the factual and procedural background is necessary to address Plaintiff's objections.

On May 18, 2022, Plaintiff filed a dual charge of discrimination with the South Carolina Human Affairs Commission ("SCHAC") and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's Complaint states she received a notice of right to sue from SCHAC on May 30, 2025. Plaintiff received a notice of right to sue from the EEOC on June 16, 2025. Plaintiff filed her complaint with this Court on September 26, 2025. Subsequently, Defendants moved for dismissal of all claims. In responding to Defendants' motion, Plaintiff filed her own motion to dismiss. In her motion to dismiss, Plaintiff sought approval to voluntarily dismiss all causes of action without prejudice, and requested she be given leave to file such claims in state court under the South Carolina Human Affairs Statute. (ECF No. 10).

The Magistrate Judge recommends this Court deny Plaintiff's motion to voluntarily dismiss the claims and allow leave to file such claims in state court because the motion was procedurally improper. (ECF No. 15, p. 6–7). Further, the Magistrate Judge recommends Defendants' motion to dismiss be granted such that: Plaintiff's ADA claims be dismissed with prejudice, Plaintiff's breach of contract claims be dismissed without prejudice, and that Plaintiff's negligence and gross negligence claims be dismissed without prejudice. *Id.*

In response to the Report's recommendations, Defendants filed a partial objection. (ECF No. 18). In their filing, Defendants enumerated two specific objections: (1) Defendants object to the Report's determination that it need not address whether Plaintiff may file a state law claim pursuant to the Notice of Right to Sue she received from the SCHAC; and (2) Defendants object to the Report's recommendation to "dismiss *without* prejudice" Plaintiff's remaining state law claims. *Id.* at 1–2 (emphasis in original). Each objection is addressed herein.

<u>Objection 1</u>

Defendants object to the Report's determination that it need not address whether Plaintiff may file a state law claim pursuant to the Notice of Right to sue she received from the SCHAC in light of the Report's dismissal, with prejudice, of the federal ADA claims. Specifically, the Report states: "Plaintiff argues that filing a SCHAC disability discrimination action in South Carolina State court is the proper and appropriate forum for asserting her disability discrimination claims. Where, here, Plaintiff has not alleged any SCHAC disability discrimination claims in her complaint, the court need not address the issue." (ECF No. 15, f.n. 4) (internal citations and quotations omitted).

Defendants argue the Court should address the issue and rule on whether Plaintiff may file a state law disability discrimination claim in state court. (ECF No. 18, p. 3). Specifically, Defendants ask this Court to find Plaintiff cannot do so. *Id.* To support their argument, Defendants argue that because the underlying claims are identical under the federal and state statutes, both are before the court and accordingly a dismissal with

prejudice of the federal disability claims compels the "same fate for the state law claim." *Id.*

The Report recommended dismissal of the federal claims with prejudice because Plaintiff filed her complaint 102 days after receiving the right to sue letter from the EEOC. (ECF No. 15, p. 7). After filing a charge of discrimination and receiving a right to sue letter from the EEOC, a plaintiff has 90 days to file a lawsuit in federal court. 42 U.S.C. §§2000e-5(f)(1). In accordance with this strict time requirement, the Magistrate Judge properly recommended these federal claims be dismissed. In so ruling, the Magistrate Judge noted that Plaintiff received a separate right to sue notice from SCHAC that provides for a different timeline to sue for violations of state law. The Magistrate Judge declined to rule on any possible procedural deficiencies of claims related to these state laws because it was not a cause of action listed in the complaint.

While the federal causes of action and potential state causes of action may arise from similar facts, that does not mean the Court is required to rule on a cause of action that is not before it. Rather, courts routinely decline to issue advisory opinions as to causes of actions not brought before the Court. *See Food & Drug Admin. v. All. for Hippocratic Med.,* 602 U.S. 367, 378–79 (2024). Defendants are asking this Court to make a determination regarding the timing required in a state statute which was not raised in Plaintiff's complaint. The Court declines to rove beyond the claims raised in Plaintiff's complaint. Accordingly, upon conducting a *de novo* review, the Court finds no error in the Report's determination that it need not address the issue of claims that may or may not be

asserted pursuant to the SCHAC right to sue notice. The Court expresses no opinion on the timeliness of any yet to be filed state action, or the merits of any claims or defenses that may be raised in any subsequent action. Defendants' first objection is overruled.

Objection 2

In their second objection, Defendants argue the Report erred in dismissing Plaintiff's remaining state claims—breach of contract, and negligence and gross negligence claims—without prejudice. (ECF No. 18, p. 5). In the Report, the Magistrate Judge recommends the state claims be dismissed without prejudice. Specifically, the Report states: "The undersigned declines Defendants' invitation to recommend dismissal of Plaintiff's breach of contract claims against individual defendants with prejudice where Plaintiff's allegations do not clearly separate claims out against SCDSS and individual defendants." (ECF No. 15, f.n. 7) (internal citation omitted).

Defendants argue that because Plaintiff failed to substantively address Defendants' arguments for dismissal with prejudice and the merits of the claims are already fully briefed, it is inappropriate to not grant dismissal with prejudice. However, of note, "[a] party's failure to respond may preclude that party from later providing its arguments on the motion, but it does not relieve the court of determining" the merits of the relief sought. *Guzman v. Acuarius Night Club LLC*, 167 F.4th 217, 221 (4th Cir. 2026). Stated differently, the mere failure to adequately oppose a motion does not guarantee the relief sought in the motion will be granted without an evaluation of the merits by the court. Here, in evaluating the merits of Defendants' Motion to dismiss, the Report determined the state claims should

7

be dismissed without prejudice, in part because Plaintiff's allegations do not clearly separate claims out against SCDSS and individual defendants. The granting of a motion to dismiss does not require that all claims be dismissed with prejudice. *See e.g. Bing v. Brivo Sys.*, LLC, No. CV PX-18-1543, 2019 WL 277752, at *5 (D. Md. Jan. 22, 2019), *aff'd*, 959 F.3d 605 (4th Cir. 2020); *Shigley v. Tydings & Rosenberg LLP*, 723 F. Supp. 3d 440, 451 (D. Md. 2024).

Accordingly, upon conducting a *de novo* review, the Court finds no error in the Report's recommendation the remaining state law claims be dismissed without prejudice. Thus, Defendants' second objection is overruled.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Defendants specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 15). For the reasons discussed above and in the Report, Plaintiff's Motion to Dismiss (ECF No. 10) is denied, and Defendants' Motion to Dismiss, (ECF No. 6), is granted.[1] Accordingly, Plaintiff's federal claims are dismissed with prejudice. Plaintiff's remaining state law claims are dismissed without prejudice.

---

[1] Defendants have informed this Court that no individual named Cali Jefferson works for SCDSS. (ECF No. 6). Accordingly, Cali Jefferson is dismissed from this action.

IT IS SO ORDERED.

March 31, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge